# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 2, 2003 Session

## JAMES W. STEPHENSON v. THE THIRD COMPANY, ET AL.

**Appeal from the Circuit Court for Robertson County**
**No. 9254    Ross H. Hicks, Judge**

_____

**No. M2002-02082-COA-R3-CV - Filed February 27, 2004**

_____

WILLIAM C. KOCH, JR., P.J., M.S., dissenting.

The transaction at issue in this case is straightforward. Richard Caldwell was seeking to raise funds to operate a business called Knight's Enterprises. He borrowed $25,000 from James W. Stephenson.[1] The "loan agreements" prepared by Mr. Caldwell included the principal amount of the loan, provided for a ten percent annual interest rate, and required quarterly interest payments. They also provided that the term of the loan was one year and that the loan could be extended and the interest rate adjusted annually by mutual written agreement.

When Mr. Caldwell did not repay these loans, Mr. Stephenson sued him. The trial court determined that the loan agreements were enforceable and awarded Mr. Stephenson a judgment for $34,375. Mr. Caldwell has appealed, asserting that the loans were not really loans but rather equity investments. He supports this claim with two arguments. First, he argues that the "loan agreements" he drafted are ambiguous. Second, he argues that it would have been financially disadvantageous for him to structure the transactions as loans.

I agree on both counts. The "loan agreements" are poorly drafted, and they do not reflect sound business judgment on Mr. Caldwell's part. So what? When competent parties have bargained in good faith and have entered into a written contract, it is not the courts' prerogative to rewrite the contract or to relieve either party from the burdensome effects of their agreement. *Vargo v. Lincoln Brass Works, Inc.*, 115 S.W.3d 487, 492 (Tenn. Ct. App. 2003). Whether considered by themselves or in conjunction with the parties' separate "consulting agreements," the fact of the matter is that Mr. Caldwell's "loan agreements" are precisely that – loan agreements. I would affirm the trial court.

_____

WILLIAM C. KOCH, JR., P.J., M.S.

_____

[1] A corporation owned by Mr. Caldwell actually borrowed the money. There were two loans. The first loan agreement for $15,000 was dated August 25, 1998. The second loan for $10,000 was dated October 21, 1998.